# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**HAJAR OBAD**                                                                               **PLAINTIFF**

**v.**                      **CIVIL ACTION NO. 3:15CV74-SAA**

**LEON RODRIGUEZ,** *et al.*,                                                  **DEFENDANTS**

## MEMORANDUM OPINION

The parties to this action have filed cross-motions for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Plaintiff seeks a declaratory judgment that he is entitled to naturalization and mandamus compelling the defendants to administer the oath of citizenship without delay; defendants, on the other hand, request entry of a judgment denying plaintiff's appeal to be naturalized as a United States citizen. Docket 38. Plaintiff has responded to the motion (Docket 44, 45), and defendants have filed a reply. Docket 47. After reviewing the motions and briefs, the court concludes that defendant's Motion for Summary Judgment should be GRANTED.

## I. Facts

Plaintiff applied to become a naturalized citizen of the United States. He was born in Yemen and came to the United States on October 20, 1995, on an immediate family member visa, as the spouse of a United States citizen. Docket 43, p. 1. He is a lawful permanent resident alien. *Id.* Plaintiff and his wife are the owners, and plaintiff is the manager, of A & H Convenience Store.

On October 11, 2006, a confidential informant purchased two cases of ephedrine from A & H Convenience Store. Docket 44, p. 1-2. Plaintiff was thereafter indicted by a federal grand

jury for alleged violation of the Controlled Substance Act, 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1), by aiding and abetting in the manufacture and distribution of in excess of 500 grams of methamphetamine, a Schedule II substance.  On September 4, 2008, plaintiff pled guilty to an information, agreeing that he had violated 21 U.S.C. § 842(a)(5) and (c)(1)(B) by failing to keep required records and information in connection with the sale of ephedrine.  Docket 1, Exhibit 5, p. 2.  The maximum penalty for the violation is a $10,000.00 civil penalty.  *Id.*  He was found guilty by the court, which imposed a fine of $1,000.00.  Docket 42, Exhibits 5 and 6.

At the sentencing hearing, plaintiff was placed under oath (Docket 42, Exhibit 2, p. 5), and the United States Magistrate Judge advised plaintiff that he was "under oath and that any answers to these questions are subject to the penalties of perjury, that is making a false statement under oath, if [he didn't] answer them truthfully."  *Id.* pp. 8-9.  Mr. Obad agreed that he understood his duty to answer truthfully.  *Id.* at 9.  The prosecutor then advised the court of the facts that the Government expected to prove at trial.  *Id.*  In particular, the prosecutor stated that when the confidential informant (CI) asked to purchase two cases of ephedrine, the store clerk called plaintiff.  *Id.* at 9.  The store clerk advised plaintiff that the buyer was in front of him and asked the CI to waive into the camera.  *Id.*  Plaintiff was able to view the camera from his home.  *Id.* at 10.  Following the presentation of facts by the prosecutor, the magistrate judge asked Mr. Obad if he had "any objection to what [the prosecutor] has just read into the record."  *Id.* at 11.  Mr. Obad responded, "No, sir."  *Id.*  The magistrate judge then sentenced plaintiff.  Docket 42, Exhibit 6, p. 2-4.

Plaintiff filed an Application for Naturalization on December 8, 2011.  Docket 42, Exhibit 1, pp. 3-12.  He was interviewed concerning his application on April 3, 2012, was

2

subsequently approved, and was scheduled to appear on June 29, 2012, for a naturalization ceremony. *Id.* at 17. When he appeared for the naturalization ceremony, he was told that he had been removed from the approved list by the Department of Homeland Security due to "derogatory information that was received by USCIS [United States Customs and Immigration Service]." *Id.* After another interview on September 5, 2013, the USCIS denied plaintiff's application for naturalization again on March 10, 2014. *Id.* at 13-14. USCIS determined that "the unlawful act of Failure to Keep Records and Information in Connection with the Sale of Ephedrine for which you have been convicted and your failure to provide evidence that you currently owe no overdue taxes adversely reflects upon [plaintiff's] moral character." *Id.* at 14. Because USCIS determined that plaintiff was not "a person of good moral character," he was ineligible for naturalization. *Id.* Plaintiff appealed the decision on March 25, 2014, and attended a hearing to review the denial on September 16, 2014. *Id.* at 18. The Field Office Director denied his appeal on January 13, 2015. *Id.* Plaintiff timely filed the instant appeal from the most recent decision, and it is now ripe for review.

Because both parties have consented to have a magistrate judge conduct all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

## II. Standard of Review

An appeal of the denial of a naturalization petition is subject to *de novo* review and may be decided via summary judgment. *Kariuki v. Tarango*, 709 F.3d 495, 500 (5th Cir. 2013). The court may grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the

movant is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Weaver v. CCA Industries, Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323, 106 S. Ct. 2548. Under Rule 56(a) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S. Ct. 2548; *Littlefield v. Forney Independent School District*, 268 F.3d 275, 282 (5th Cir. 2001). "There is no genuine dispute if the record, taken as a whole, could not lead a trier-of-fact to find for the non-moving party." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 597-98 (1986).

In a naturalization proceeding, "the burden is on the alien applicant to show his eligibility for citizenship in every respect." *Berenyi v. Dist. Director, INS*, 385 U.S. 630, 637 (1967). The Supreme Court "has often stated that doubts 'should be resolved in favor of the United States and against the claimant.'" *Id.,* quoting *United States v. Macintosh*, 283 U.S. 605, 626 (1931). Moreover, courts must "strictly comply 'with the statutory conditions precedent to

naturalization.'" *Kariuki*, 709 F.3d at 504.

### III. Defendants' Motion to Dismiss on Grounds of False Testimony

The Immigration and Nationality Act requires an applicant for naturalization to prove he has been a person of "good moral character" during the five years before the naturalization application and through the oath of allegiance. 8 U.S.C. § 1427(a)(3). Under 8 U.S.C. § 1427(e),

> [i]n determining whether the applicant has sustained the burden of establishing good moral character and the other qualifications for citizenship specified in (a) of this section, the Attorney General shall not be limited to the applicant's conduct during the five years preceding the filing of the application, but may take into consideration as a basis for such determination the applicant's conduct and acts at any time prior to that period.

The Fifth Circuit has confirmed that considering prior conduct is appropriate where that conduct is relevant to the assessment of the applicant's moral character. *Kariuki*, 709 F.3d at 503-04. "[W]ide discretion is vested in the trial judge in determining whether or not 'good moral character' exists. It is to be determined as that term is generally understood, but petitioner's character must measure up to that of the average citizen in the community in which he resides before he is entitled to citizenship by naturalization." *Brukiewicz v. Savoretti*, 211 F.2d 541, 543 (5th Cir. 1954).

The Government asserts that Mr. Obad is ineligible to be naturalized because he gave false testimony[1] in his deposition in this civil case. Specifically, when asked if he had knowledge

---

[1] 8 U.S.C. § 1101 (f)(6) specifies that

> No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was – . . .
> (6) one who has given false testimony for the purpose of obtaining any benefits under this chapter; . . ."

5

that his store clerks were selling ephedrine, he responded, "I wasn't no know till they come lock us up. And I was asked that – questioned them, 'What's going on? And they say, "Somebody been doing . . ." Docket 42, Exhibit 3, p. 14. Then when asked whether he was aware of the sale of ephedrine by either Mr. Ali Obad or Mr. Ali Mubarez on October 11, 2006, he responded, "I wasn't know nothing about it." *Id.* at 14-15. Again, when specifically asked whether he participated in authorizing the sale in any way, Mr. Obad responded, "Not - - no." *Id.* at 15.

Plaintiff argues that because Mr. Obad did not actually testify at his sentencing that he either had knowledge of or was aware of the sale of ephedrine, his deposition testimony was therefore not false. Docket 45, p. 12. Instead, Mr. Obad merely advised the court taking his guilty plea that he did not "object to what the government stated it believed it would prove." *Id.* at 13. According to plaintiff, affirmatively testifying that he was aware of the ephedrine sale and mere affirmation that he did not object to the government's intended proof are very different things. Further, plaintiff asserts that the extent of his participation in the sale of ephedrine, if any, is a question of fact. Docket 45, p. 7. According to plaintiff, a reasonable juror could conclude that he did not participate in the sale at issue. *Id.*

The government takes the position that plaintiff is estopped from challenging the basis for his prior guilty plea to establish that he is a person of good moral character. Plaintiff, on the other hand attempts to prevent entry of summary judgment with his argument that these distinct scenarios – affirmative testimony versus affirmation that he "has no objection" to the government's version of the fact it intended to prove – create genuine issues of material fact regarding plaintiff's involvement in the sale of ephedrine. Docket 45, p. 6. In other words, plaintiff now disputes his actual participation in the sale of the ephedrine in an attempt to survive

summary judgment. This he cannot do.

"When issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.'" *Kariuki v. Tarango*, 709 F.3d 495, 506 (2013), quoting RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1982). Further, the Fifth Circuit held in *Kariuki* that an alien can be collaterally estopped from challenging the central premise of a guilty plea in an effort to establish good moral character in a naturalization application. 709 F.3d at 504. According to *Kariuki*, four conditions must be met to establish collateral estoppel:

> (i) The issue under consideration in a subsequent action must be identical to the issue litigated in a prior action;
> (ii) The issue must have been fully and vigorously litigated in the prior action;
> (iii) The issue must have been necessary to support the judgment in a prior case; and
> (iv) There must be no special circumstance that would render [estoppel] inappropriate or unfair.

The fourth requirement concerning special circumstances, however, only arises in the use of non-mutual collateral estoppel by the plaintiff. *Id.* at 506, citing *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1290-91 (5th Cir. 1995).

After applying the three collateral estoppel factors, the court is forced to conclude that plaintiff is collaterally estopped from asserting that he did not have knowledge of or involvement in the ephedrine sale to establish his good moral character in support of his naturalization petition. First, the issue of whether plaintiff had knowledge of the sale of ephedrine at his store is identical in this case to that presented in the case that resulted in his plea to a civil penalty.

7

Plaintiff's knowledge and participation in the sale was the very foundation for his guilty plea and the very basis for the magistrate judge to have accepted the facts set forth by the prosecutor to reach his decision that there were sufficient facts to permit him to accept plaintiff's plea of guilt to the information. Because all three factors are met, plaintiff is now collaterally estopped from challenging the central premise of his guilty plea, which was that he had knowledge of or involvement in the sale of ephedrine at his business.

The very terms of 8 U.S.C. § 1427(a)(3) require plaintiff to establish that he has been a person of good moral character for the five years immediately preceding the date the naturalization application was filed and through the administration of the oath of allegiance. Further, 8 U.S.C. § 1427(e) allows, and the Fifth Circuit recognizes the propriety of permitting, the court to consider conduct outside of the five-year period preceding application for the purpose of determining one's moral character.

In this case, the conduct for which plaintiff later "pled guilty to the information, *i.e.,* to violating 21 U.S.C. § 842(a)(5) and (c)(1)(B), . . ." (docket 44, p. 3), did occur outside of the five-year period preceding his application, but guided by statute and circuit precedent, the court has considered this conduct in weighing plaintiff's moral character. Plaintiff has provided no evidence that his character has improved, nor has he provided any sufficiently probative evidence of good present conduct necessary to survive summary judgment. In fact, plaintiff's own motion for summary judgment only attacks the prior findings of the Board of Immigration Appeals, but does not offer any evidence of good moral character. Further, plaintiff's attempt to provide evidence of a moral compass by testifying at his deposition that he did not have knowledge of the sale of ephedrine despite his guilty plea is further probative evidence that his moral character

remains in question. "'Self-serving allegations' generally are not 'significant' or 'probative evidence,' nor is testimony 'based on conjecture or speculation.'" *Kariuki*, 709 F.3d at 507. The court finds that plaintiff has failed to sustain his burden to provide significant or probative evidence sufficient to establish that he has been a person of good moral character for the five years immediately preceding the date of his naturalization application, including the period during which he was involved in the sale of ephedrine, through the present. Plaintiff is ineligible to be naturalized as a result, and defendants are entitled to summary judgment.

## IV. CONCLUSION

The court holds that the defendants' Motion for Summary Judgment is well taken and is GRANTED, and plaintiff's Motion for Summary Judgment is DENIED. Because summary judgment is being granted in favor of defendant, the court need not address the merits of the defendants' remaining arguments at this time. A final judgment in accordance with this memorandum opinion will issue this day.

This the 3rd day of August, 2016.

s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE